-------------------------------------------------x

GERARDO VALDEZ LUJAN, individually and on behalf of all other persons similarly situated who were employed by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER; and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,

                 Plaintiff,

-against-

CABANA MANAGEMENT, INC. and/or GLENN FRECHTER, and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,

                 Defendants.

-------------------------------------------------x

MEMORANDUM AND ORDER
10 - CV - 0755 (ILG)

GLASSER, United States Senior District Judge

## BACKGROUND

Plaintiff Gerardo Valdez Lujan ("Lujan" or "Plaintiff") brings this purported class action against his alleged employers Cabana Management Inc. and Glenn Frechter ("Defendants") seeking unpaid wages, attorneys fees and costs under the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201-219, as well as various provisions of the New York state labor laws.

Defendant Cabana Management, Inc. is a New York corporation engaged in the restaurant business with its principal place of business in Forest Hills, New York.

Plaintiff alleges that Defendant Glenn Frechter is the owner and president of Cabana Management, Inc., has complete control of the activities of the company, and actively participated in the company's unlawful behavior.

Plaintiff is a former employee of the Defendants and was employed in various positions on the wait staff since 2004. Lujan alleges that the Defendants have engaged in a policy since that time of failing to pay him as well as other dishwashers, runners and busboys earned minimum wages, overtime compensation and have also made improper deductions from their wages, withheld earned gratuities and have not paid the employees in a timely manner.

Plaintiff alleges one federal and four state law causes of action. Specifically, he alleges that the Defendants: (1) failed to pay him and other employees overtime at one and one half times the hourly rate, in violation of 29 U.S.C. § 207; (2) failed to make payments in a timely manner, as required by New York Labor Law § 191; (3) made certain illegal deductions from employee wages in violation of New York Labor Law § 193; (4) failed to pay overtime at one and one half times the hourly rate in violation of 12 N.Y.C.R.R. § 137-1.3; and (5) illegally withheld gratuities earned by him and other employees in violation of New York Labor Law § 196-d.

This motion to dismiss by the Defendants followed. Defendants ask this Court to: (1) dismiss the claims against Defendant Glenn Frechter because he was not timely served with process; (2) dismiss the Complaint in its entirety because the Plaintiff does not have standing to sue; (3) dismiss the claims against Defendant Glenn Frechter because the Complaint is insufficient to establish he was Plaintiff's employer; (4) dismiss the § 193 and § 196-d claims for failure to state a claim.

**DISCUSSION**

### A. Standard of Review

Dismissal of a complaint is appropriate where a plaintiff does not offer factual allegations sufficient to make the asserted claim plausible on its face. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Determining plausibility is "a context-specific task." <u>Id.</u> at 1950. However, "detailed factual allegations" are not required in the complaint. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

For purposes of a motion to dismiss, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the light most favorable to the plaintiff. <u>Arar v. Ashcroft</u>, 585 F.3d 559, 567 (2d Cir. 2009). But, allegations that are solely legal conclusions "are not entitled to the assumption of truth." <u>Iqbal</u>, 129 S. Ct. at 1950.

### B. Service of Process

Plaintiff commenced this action against the Defendants on February 19, 2010. Lujan served process upon the Defendant Cabana Management, Inc. on March 3, 2010, well within the time period provided by Rule 4(m) of the Federal Rules of Civil Procedure. However, he did not serve the Defendant Glenn Frechter until June 29,

2010, 130 days after filing the complaint, and only after being alerted to the deficiency by the Defendants' motion.

Rule 4(m) provides that a district court must "dismiss the action without prejudice" or order that "service be made within a specified time" where "a defendant is not served within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). The court must deny the dismissal where the Plaintiff shows good cause for the failure to make timely service. Id.

Here, the Plaintiff has neither provided an excuse for the failure to timely serve Mr. Frechter nor has he acknowledged that the service on June 29, 2010 was deficient. (Pl.'s Opp. Mem. at 10.) Because the Plaintiff failed to serve Mr. Frechter in a timely manner, and has not shown good cause for the failure to do so, the Court will dismiss the complaint against Mr. Frechter without prejudice on condition that Mr. Frechter be properly served within twenty days from the date of this Order or show good cause for failure to do so.

C. **Standing**

The Defendants also argue in their motion to dismiss that the Plaintiff is without Article III standing to sue, alleging that Lujan failed to identify his job title(s), among other things. This, the Defendants argue, deprives the Plaintiff of standing because "what reasonable plaintiff would endeavor to omit from his claim for relief the capacity in which he was employed?" (Defs.' Reply Mem. at 1.)

The judicial power bestowed upon the federal courts in Article III § 2 of the Constitution extends only to "Cases" and "Controversies." This requirement is only satisfied where a Plaintiff has standing. <u>Sprint Communications Co., L.P. v. APCC Servs., Inc.</u>, 128 S. Ct. 2531, 2535 (2008). Standing is established where a defendant shows three things:

> (1) an injury in fact (*i.e.,* a "concrete and particularized" invasion of a "legally protected interest"); (2) causation (*i.e.,* a "fairly ... trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.,* it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

<u>Id.</u> (<u>citing</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)).

Here, the Complaint adequately establishes all three constitutional criteria. Lujan alleges that he was an employee of the Defendants, that the Defendants illegally withheld wages that he himself was legally entitled to, causing him economic harm. Those allegations plainly describe an invasion of the Plaintiff's legally protected interest, as well as causation of the injury on the part of the Defendants. Finally, the Plaintiff seeks monetary damages for the economic harms he suffered, meeting the redressability prong. <u>See</u>, <u>e.g.</u>, <u>Wernsing v. Thompson</u>, 423 F.3d 732, 745 (7th Cir. 2005) ("[I]njuries compensable in monetary damages can always be redressed by a court judgment.").

This prong of the Defendants' motion to dismiss is without merit and is therefore denied.

D. **Insufficiency of Complaint to Allege Frechter Was Employer**

Defendants next allege in their motion to dismiss that the Complaint should be dismissed as against Defendant Frechter because it does not "plausibly establish that Mr. Frechter was an employer with respect to Plaintiff Lujan as required under the FSLA [sic] and New York Labor Law." (Defs.' Mem. of Law at 7.) (emphasis omitted). Because the Court has already dismissed the claims against Defendant Frechter without prejudice it need not rule on this basis for dismissal.

E. **State Law Claims**

The Defendants next challenge two of the Plaintiff's state law claims, those arising under § 193 and § 196-d of New York's Labor Law.[1] They argue that the § 193 claim is just another claim that the Defendants failed to pay wages masquerading as a cause of action for illegal deductions, and they argue that both causes of action are not sufficient to make a plausible claim for relief under Rule 8 of the Federal Rules of Civil Procedure.

---

[1] The Plaintiff's claim under § 193 is contained within the second and fourth causes of action in the Revised First Amended Complaint. The claim under § 196-d is contained within the fourth cause of action. The second cause of action also contains a claim arising from an alleged violation of New York Labor Law § 191, which the Defendants do not challenge in their motion to dismiss. Thus, the Court will interpret the claims under § 191, § 193 and § 196-d to be three separate causes of action, only two of which the Defendants move to dismiss. Section 191 states: "A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed by an employer authorized by the commissioner pursuant to subparagraph (ii) of this paragraph or by a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly." N.Y. Lab. Law § 191 (McKinney 2010).

a.  §193

Section 193 provides in essence that, except for a few narrow exceptions, "[n]o employer shall make any deduction from the wages of an employee."[2]  In addition to arguing that this cause of action fails to state a claim, the Defendants argue that even if it could be read to state a claim, it states a claim of "failure to pay minimum wages and overtime" which does not constitute a violation of New York Labor Law § 193.[3] (Defs.' Mem. of Law at 11.)

The claim by the Plaintiff labeled as a violation of § 193 does, in the Court's view, plead a cause of action.  The § 193 claim is not that the Defendants "fail[ed] to pay wages;" rather, the Plaintiff has alleged improper deductions that go to the heart of § 193.  For example, ¶ 30 of the Complaint states that the "Defendants engaged in a regular pattern and practice of making deductions from the earned wages of the Named Plaintiff and other members of the putative class for reasons other than credit card service fees, and for reasons other than those allowable under New York Labor Law § 193 . . . ."  Paragraph 70 of the Complaint further states that "[b]y improperly charging the Named Plaintiff and other members of the putative class for surcharges and fees and other improper deductions, Defendants violated New York Labor Law § 193 by making

---

[2] Section 193 states:
1. No employer shall make any deduction from the wages of an employee, except deductions which:
   a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
   b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.  N.Y. Lab. Law § 193 (McKinney 2010).
[3] For purposes of efficiency, the Court will first address whether the claim is properly a cause of action under § 193 and then turn to the inquiry of the sufficiency of the complaint under Iqbal.

improper deductions from the wages of the Named Plaintiff . . . ."  These factual allegations read together clearly convey to the Defendants that they violated § 193.

In re Apkon, 236 A.D.2d 225, 653 N.Y.S.2d 120 (1st Dept. 1997), cited by the Defendants, is thus completely inapposite to the case here.  In that case the First Department overturned an arbitration award where the arbitrators found that "monies due as a result of mutually agreed upon equity participations by the employee in the employer's investments involving risk of loss constitute 'wages' ... [and] that the refusal to pay such monies constituted a 'deduction' from wages within the meaning of Labor Law § 193." Id. at 225.  Here, Lujan has properly alleged improper deductions from wages, not the "refusal to pay" monies owed.


     b.  <u>Failure to State a Claim</u>

The Defendants' final basis for dismissal is that the Plaintiff's causes of action under § 193 and § 196-d make no factual allegations and therefore fail to state a claim upon which relief may be granted.  <u>See</u> Fed. R. Civ. 12(b)(6).

The only relevant requirement of Federal Rule of Civil Procedure  8(a)(2) is that a complaint must contain a "short and plain statement of the claim" showing that the Plaintiff is entitled to relief.  "[D]etailed factual allegations" are not required.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  All that is required is sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Id.</u> at 570.

The Defendants demand to know the "amount, frequency, [and] date [on which] any alleged violation occurred," a demand which is not warranted.  (See, e.g., Defs.' Reply Mem. at 15.)   The Federal Rules do not require a plaintiff to plead his entire case in the complaint, and importantly, "[s]pecific facts are not necessary." Erickson v. Pardus, 551 U.S. 89, 93 (2007).  What is required is that the Complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests," which this Complaint sufficiently does.

Here, the allegations in the Complaint meet these requirements.  With regard to the § 193 claim, the Plaintiff alleges that the Defendants "engaged in a regular pattern and practice of making deductions from the earned wages" of the Plaintiff "for surcharges and fees and other improper [purposes]."  Furthermore, they did so for reasons "other than those allowed under Labor Law § 193."  (Revised First Am. Compl. ¶ 30, ¶ 70.)  These claims are sufficient to sustain a claim for a violation of § 193 that is facially plausible.

With regard to § 196-d, the allegations in the Complaint also meet the requirements to survive a Rule 12(b)(6) motion.  Section 196-d provides, in pertinent part, that "[n]o employer . . . shall demand or accept . . . any part of the gratuities received by an employee, or retain any part of a gratuity . . . ."[4]  The Plaintiff alleges that he received gratuities "provided by Defendants' patrons" and that the Defendants

---

[4] Section 196-d states in full:
No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. This provision shall not apply to the checking of hats, coats or other apparel. Nothing in this subdivision shall be construed as affecting the allowances from the minimum wage for gratuities in the amount determined in accordance with the provisions of article nineteen of this chapter nor as affecting practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee.  N.Y. Lab. Law § 196-d (McKinney 2010).

"improperly withh[eld]" those gratuities given to him by the patrons, therefore violating New York Labor Law § 196-d. (Revised First Am. Compl. ¶ 67, 69.) These factual and legal allegations also give the Defendants "fair notice of the claim and the grounds upon which it rests," and therefore are sufficient to state a facially plausible claim for relief under New York law. <u>Erickson</u>, 551 U.S. at 93.

Accordingly, Defendants' motions under Fed. R. Civ. P. 12(b)(6) are denied.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the motion to dismiss by Cabana Management Inc. and Glenn Frechter is granted in part and denied in part.

**SO ORDERED**.

Dated: Brooklyn, New York
December 22, 2010

_____/s/_____

I. Leo Glasser
United States Senior District Judge

Copies of the foregoing memorandum and order were electronically sent to:

Counsel for the Plaintiff

Marc A. Tenenbaum
Virginia & Ambinder LLP
111 Broadway, Suite 1403
New York, NY 10006

Counsel for the Defendant
Jeffrey W. Brecher
Jackson Lewis LLP
58 South Service Road, Suite 410
Melville, NY 11747