UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GERARDO VALDEZ LUJAN,

                                           Plaintiff,                                    MEMORANDUM
                                                                                 AND ORDER

       -against-                                  10-CV-755 (ILG)

CABANA MANAGEMENT, INC., et al.,

                                  Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In this lawsuit alleging violations of the Fair Labor Standards Act (FLSA), plaintiff Gerardo Valdez Lujan ("plaintiff") wrote to advise the Court of two disputes following the Court's February 1 Order granting conditional certification of an opt-in class as well as notice to members of the class. See Memorandum and Order (Feb. 1, 2010) ("Cert. Order"), E.C.F. Docket Entry ("D.E.") #55; Letter Motion to Compel Production of Mailing List and Enforce Feb. 1, 2011 Order (Feb. 11, 2011) ("Pl. Letter"), D.E. #56. Plaintiff seeks an order compelling disclosure of the names and addresses of employees and former employees constituting the class of potential opt-in plaintiffs. Pl. Letter at 1. Cabana Management, Inc. ("Cabana") and Glenn Frechter (collectively "defendants") object to that request, and also urge that the Court "clarify" the scope of the proposed class by altering the terms of its Feb. 1 Order to exclude cooks and dishwashers from the class. Letter from Cabana Management, Inc. and Glenn Frechter (Feb. 11, 2011) ("Def. Letter"), D.E. #57. The Court addresses these issues *seriatim*.

## DISCUSSION

### I. MOTION TO COMPEL PRODUCTION OF NAMES AND ADDRESSES

Plaintiff requests that the Court compel production of the names and addresses of members of the putative class. See Pl. Letter at 1. Defendants object, claiming that plaintiff Lujan and unnamed others have solicited putative class members, and that an impartial administrator could notify putative class members without disclosing the list to plaintiff's counsel. Def. Letter at 1-2.

As defendants no doubt learned in compiling citations to out-of-circuit cases rejecting disclosure, see Def. Letter at 2, "[c]ourts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt in' to a collective action." Anglada v. Linens 'N Things, Inc., No. 06 Civ. 12901(CM)(LMS), 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007); see also Cano v. Four M Food Corp., No. 08-CV-3005 (JFB), 2009 WL 5710143, at *11 (E.D.N.Y. Feb. 3, 2009) (citing cases). Plaintiff's counsel has stated that they have not and will not solicit putative class members, Pl. Letter at 3, and defendants offer no reason to believe that plaintiff's counsel might improperly approach Cabana employees or former employees. Plaintiff's application is granted, subject to plaintiff's counsel's representation that they will not share the addresses with plaintiff, or share the list with any other person. Pl. Letter at 3. Defendants shall provide the list by Tuesday, February 22, 2011.

### II. SCOPE OF THE CLASS

In its February 1 Order, the Court addressed defendants' objections to the scope of the proposed class, limiting the class to specific restaurants and to workers employed during the

FLSA limitations period, see Cert. Order at 18-20, but accepting plaintiff's proposed definition of the class along occupational lines. Id. at 21 (encompassing "servers, hosts(esses), bartenders, bar-backs, busboys, runners, dishwashers, and other restaurant related tasks" at the restaurants in question). Because the class definition adopted by the Court ("restaurant related tasks") would certainly include the job classifications under dispute (prep cooks, line cooks and dishwashers, see Def. Letter at 2-3), the Court will treat defendants' response as a motion for reconsideration of that aspect of the Court's February 1 Order. While the Court notes that such a motion is best raised promptly and directly, instead of after a refusal to follow the plain terms of the Court's order, the Court nevertheless reviews the merits of defendants' contentions.

"Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the [] court." Reddy v. Salvation Army, No. 06-CIV-5176 (SAS), 2008 WL 4755733, at *1 (S.D.N.Y. Oct. 27, 2008) (citing Patterson v. United States, No. 04-CIV-3170 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Ordinarily, motions for reconsideration should "'be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Reddy, 2008 WL 4755733, at *1 (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Accordingly, "Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court." Reddy, 2008 WL 4755733, at *1 (citing Lichtenberg v. Besicorp Group Inc., 204 F.3d 397, 400 (2d Cir. 2000)). Given the narrow scope of Local Rule 6.3, a party seeking reconsideration is precluded from

"'advanc[ing] new facts, issues or arguments not previously presented to the Court.'" Reddy, 2008 WL 4755733, at *1 (quoting Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991)).

Plaintiff's proposed definition was, indeed, a broad one. Cert. Order at 21. Instead of proposing realistic alternative language limiting the class to the occupational titles represented among the affiants in plaintiff's submission, defendants' objections to the occupational scope of the class focused on an argument without meaningful support in the record or the law of this circuit. Specifically, defendants argued that the class should be limited to the exact occupational titles held by plaintiff Lujan during the FLSA statute of limitations period, Def. Mem. at 29, even though plaintiff supplied affidavits from hostesses, waitstaff, busboys, runners and bartenders suggesting wage and hour violations shared among those job titles. Cert. Order at 4; see also Cano, 2009 WL 5710143, at *7 (collecting cases noting that workers from different job classifications may be 'similarly situated' should they experience similar FLSA violations).

Defendants point to nothing in the record to suggest that alleged violations, such as failure to pay overtime and tampering with timesheets to avoid payment for all hours worked, did not apply to line cooks or prep cooks. Cert. Order at 9-10. Defendants' opposition could have attempted to make an evidentiary showing that line cooks or prep cooks were not similarly situated to other members of the proposed class–that they were subject to different pay practices, for example. Defendants could have proposed a reasonable but limited occupational definition of the class; they may propose one again, when they have the opportunity to re-litigate this issue in a motion to decertify the class. See Cano, 2009 WL

5710143, at *3-4 (comparing the "lenient" and "modest" threshold for conditional certification with the more stringent factual analysis applicable to the post-discovery decertification inquiry). As defendants failed to argue or even mention the status of cooks in their memorandum in opposition, and as they will have the opportunity to conclusively resolve this question in their motion to decertify the class, the Court declines to modify the scope of the class.

Defendants' opposition did suggest that the class definition should exclude dishwashers because neither plaintiff Lujan nor his fellow affiants were employed as dishwashers during the relevant limitations period. See Def. Mem. at 29. The Court considered and rejected this argument. As noted in the Court's February 1 Order, time-barred allegations may carry less weight on a motion for conditional certification, but they are not a nullity: they are probative of defendants' compensation practices. Cert. Order at 12. An affidavit articulating time-barred allegations by a former dishwasher might not, standing alone, justify including dishwashers in the class. Plaintiff's affidavit did not stand alone; it was corroborated by sworn statements from ten other employees, representing various job classifications, alleging failure to pay overtime and failure to pay employees for all hours worked. Cert. Order at 9-10. Under the standard applicable to motions for conditional certification, such a showing was and remains sufficient to justify certification and notice. Accordingly, defendants' request to modify the scope of the class is denied.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to compel disclosure of the names and addresses of class members is granted, subject to the limitations described herein. The

Court declines to modify the scope of the class.  Defendants shall provide plaintiff's counsel with the list of class members' names and addresses by Tuesday, February 22, 2011.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable I. Leo Glasser on or before March 7, 2011.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.

The Clerk is directed to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
         **February 16, 2011**

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**