UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GERARDO VALDEZ LUJAN, et al.,

                  Plaintiffs,

      -against-

CABANA MANAGEMENT, INC., et al.,

                  Defendants.
----------------------------------------------------------------x

MEMORANDUM
AND ORDER

10-CV-755 (ILG)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court has reviewed the parties' competing proposed notices.  See Letter to the Court from Douglas Weiner (July 29, 2011), and Exhibits A-C, D.E. #141.  The Court concludes that the proposed statement, "Cabana's interests in this lawsuit are potentially adverse to you," requires further explanation, in both the posted Notice to Employees and in the notices emailed to current employees.  The Court adopts the explanatory language proposed by plaintiffs, with one modification:  The words "and your co-workers" should be omitted, as the use of any statement obtained frm an employee against a co-worker does not implicate an adverse interest as between Cabana's counsel and the interviewed employee.  Therefore, the paragraph following the name and contact information for Cabana's counsel should read as follows:

> Cabana's counsel hopes to conduct an interview with you to obtain a statement to support Cabana's position in the pending lawsuit initiated by Gerardo Valdez Lujan and other workers who claim that they were not paid wages for all hours worked.  Because Cabana's interest in this lawsuit are potentially adverse to you, it is possible that any written statement that you sign will be used against you in this lawsuit and may affect your ability to collect money if there is a settlement or judgment against Cabana in the future.

The posted notices need not include any information concerning plaintiffs' counsel. The emailed notices shall include plaintiffs' proposed language concerning the firm of Virginia & Ambinder, except that the final line in Exhibit C – i.e., "Your conversations with Virginia & Ambinder are strictly confidential and privileged" – shall be omitted, as it is unnecessary and potential misleading.[1]

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
           **July 29, 2011**

                **ROANNE L. MANN**
                **UNITED STATES MAGISTRATE JUDGE**

---

[1] For example, the attorney/client privilege would not protect communications by an employee who contacts plaintiffs' counsel solely to provide information as a fact witness and not to secure legal representation or advice.