Douglas Weiner, Esq.
David J. Clark, Esq.
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
Tel: 212.351.4500
dweiner@ebglaw.com

Attorneys for Defendants
 Cabana Management, Inc. and Glenn Frechter

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GERARDO VALDEZ LUJAN, individually and on behalf of all other persons similarly situated who were employed by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER; and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,

　　　　　　　　　　　　Plaintiffs,

- against -

CABANA MANAGEMENT, INC. and/or GLENN FRECHTER, and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,

　　　　　　　　　　　　Defendants.

10 Civ. 0755-ILG-RLM

ECF CASE

**DECLARATION OF DOUGLAS WEINER, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE DECLARATIONS SUBMITTED BY PLAINTIFF IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION**

---

　　　　1.　　I am an attorney with the law firm of Epstein Becker & Green, P.C., counsel to Defendants, and submit this declaration in support of Defendants' motion to strike the declarations submitted by plaintiff in support of his motion for class certification.

　　　　2.　　On July 5, 2011, Plaintiff filed his motion for class certification (Docket No. 127), along with the Declarations of Plaintiff (the "Lujan Decl."), Vanessa Belandria (the "Belandria Decl."), Alba Elena Bovender (the "Bovender Decl."), Israel Pastor Reyes (the "Reyes Decl."),

Nicholai Patchen (the "Patchen Decl."), Tomas Velez (the "Velez Decl."), Ana Carolina Davila (the "Davila Decl."), Maria Fernanda Garcia (the "Garcia Decl."), Jose Luis Romero (the "Romero Decl."), Edwin Quiza (the "Quiza Decl."), Ascension Moran (the "Moran Decl."), Ariel Penizzotto (the "Penizzotto Decl."), and Hugo Suarez (the "Suarez Decl."). These declarations are attached as Exhibits E through Q (Docket Nos. 127.7-127.19), respectively, to the Declaration of Plaintiff's counsel Lloyd Ambinder, Esq. in Support of Plaintiff's Motion for Class Certification (Docket No. 127.2).

3. By Order of the Court, dated March 18, 2011, all fact discovery as to all opt-ins and discovery relating to class certification issues was to be completed by July 1, 2011. A copy of the Court's March 18, 2011 First Amended Scheduling Order is attached hereto as Exhibit 1.

4. Plaintiff's Responses to Defendants' First Request for the Production of Documents To Plaintiff Lujan and All Opt-Ins, dated April 8, 2011, is attached hereto as Exhibit 2.

5. On May 28, 2011, Defendants served their First Revised Set of Interrogatories to Plaintiff Gerardo Valdez Lujan and All Opt-ins. A copy of this document is attached hereto as Exhibit 3. None of the Opt-ins' responses to this First Revised Set of Interrogatories identified any of the declarations that Plaintiff has filed in support of his motion for class certification.

6. I conducted the deposition of Tomas Velez on June 17, 2011, from 10:28 a.m. to 1:55 p.m. During that deposition I asked him, "Did you prepare any type of written statement regarding your employment at Cabana or the facts of this case?" Mr. Velez answered, "Negative." *See* the excerpt of the transcript of Tomas Velez's deposition, attached hereto as Exhibit 4, at page 9, lines 10-13.

7. The Declaration of Tomas Velez that Plaintiff filed in support of his motion for class certification (Docket No. 127.12) is dated June 17, 2011 (the same date as his deposition), and was not provided to Defendants during discovery.

8. I conducted the deposition of Alba Elena Bovender on June 20, 2011, from 11:21 a.m. to 5:54 p.m. During that deposition, Ms. Bovender admitted that she had prepared a statement that morning regarding her claims against Cabana Restaurant in this lawsuit, but on her counsel's advice she refused to answer any questions about it. *See* the excerpt of the transcript of Ms. Bovender's deposition, attached hereto as Exhibit 5, at pages 15-20.

9. The Declaration of Alba Elena Bovender that Plaintiff filed in support of his motion for class certification (Docket No. 127.9) is dated June 20, 2011 (the same date as her deposition), and was not provided to Defendants during discovery, despite their demand for it.

10. I conducted the deposition of Israel Pastor Reyes on June 27, 2011, from 12:07 p.m. to 3:57 p.m. During that deposition, I asked Mr. Reyes, "Did you prepare any written statement about this case?" Mr. Reyes answered, "No." *See* the excerpt of the transcript of Mr. Reyes' deposition, attached hereto as Exhibit 6, at page 70, lines 16-19.

11. The Declaration of Israel Pastor Reyes that Plaintiff filed in support of his motion for class certification (Docket No. 127.10) is dated June 27, 2011 (the same date as his deposition), and was not provided to Defendants during discovery.

12. I conducted the deposition of Nicholai Patchen on Wednesday, June 29, 2011. During that deposition, I asked Mr. Patchen if he had signed any written statements about this case. He admitted that he had signed a statement on Monday, June 27, 2011. I asked that such statement be produced, but Plaintiff's counsel refused to produce it. *See* the excerpt of the

FIRM:16371208v1

transcript of Mr. Patchen's deposition, attached hereto as Exhibit 7, at page 8, line 7 to page 9, line 19.

13. The Declaration of Nicholai Patchen that Plaintiff filed in support of his motion for class certification (Docket No. 127.11) is undated, and was not provided to Defendants during discovery.

14. Defendants sought to conduct the depositions of all opt-in plaintiffs, including Ana Carolina Davila. Defendants' notice of deposition directed to Ms. Davila is attached hereto as Exhibit 8. Ms. Davila did not appear for her deposition.

15. Excerpts from the transcript from the deposition of Plaintiff Gerardo Valdez Lujan are attached hereto as Exhibit 9.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2011, in New York, New York.

_____
DOUGLAS WEINER