# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
EBGLAW.COM

DOUGLAS WEINER
TEL: 212.351.4770
FAX: 212.878.8681
DWEINER@EBGLAW.COM

December 13, 2011

VIA (ECF)
Magistrate Judge Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Gerardo Valdez Lujan et al. v. Cabana Management, Inc. et al.
Docket No. 1:10-cv-00755 (ILG) (RLM)

Dear Magistrate Judge Mann:

This Firm represents the Defendants in this lawsuit. Neither case submitted by Plaintiffs on December 5, 2011 "is directly on point" or supports Plaintiffs' pending class certification motion. *Jermyn* is not a wage hour case at all as the Plaintiffs were customers of Defendant, not employees, who were refused a "price match" at Defendant's store. Plaintiffs alleged they were victims of false advertising and deceptive business practices in violation of New York's General Business Law. The *Jermyn* Court explicitly held employment discrimination principles were not applicable to a consumer fraud case, and that Jermyn had carried his burden to prove an unlawful corporate *policy* with "significant evidence".

Plaintiffs in this case have not produced "significant evidence" (or for that matter any evidence) that Cabana had a written *policy,* or implemented an unwritten policy, to pay less than all wages due. Cabana has submitted extensive evidence demonstrating its policy is to accurately record all working time and pay its employees all wages earned. The DOL's "full investigation" of Cabana in 2008 found no unlawful policy and Plaintiffs confirm there have been no instances of alleged wage violations since 2009. Contrary to the corporate policy of deceptive business practices that Jermyn demonstrated, Plaintiff's claims in this case are based on alleged individualized anecdotal exceptions to Cabana's lawful policies.

Thus, Plaintiffs' assertion that the class certification granted in *Jermyn* is a "similar wage and hour class action ... directly on point with Plaintiffs' pending class certification motion" should be rejected.

As in *Jermyn*, the *Espinoza* Court found the Defendants had a corporate *policy* justifying Rule 23 class certification. The Court found that Defendants "admitted" a daily practice of deducting time and pay from employees for breaks they did not take, which was "significant

ATLANTA • BOSTON • CHICAGO • HOUSTON • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

FIRM:16965001v1

Magistrate Judge Mann
December 13, 2011
Page 2

evidence" of an unlawful corporate policy.[1] Contrary to the facts of Espinoza, Cabana's lawful policies are evidenced by the corporate handbook, payroll records, the testimony of former and current managers, and the extensive testimony of former hourly employees.

On October 3, 2011, the U.S. Supreme Court vacated the Ninth Circuit's decision in *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743 (9th Cir. 2010) and remanded it "for further consideration in light of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___ (2011)." *Wang* is similar to the *Lujan* case in that it is a hybrid FLSA collective action and state-law class action. The Supreme Court's remand means that the factors set forth in its decision to reverse and decertify the class in *Wal-Mart v. Dukes* are likely to be applicable to wage and hour cases. See also attached *Price v. Martin*, 2011 La. LEXIS 2889 (December 6, 2011) (Supreme Court of Louisiana applied *Dukes* to reverse a lower court's class certification).

A recent case more directly on point to Plaintiffs' pending motion for class certification is *Hawkins v. Securitas Security Services USA, Inc.*, 2011 U.S. Dist. LEXIS 132764 (November 16, 2011). In *Hawkins* the District Court refused to certify a class where plaintiffs alleged they performed off-the-clock work without pay in violation of federal and state wage laws because liability depended upon the individualized issues of how much, if any, unpaid work was performed. Individual issues predominated over common issues. See attached.

As the *Hawkins* Court noted, "it is difficult to see what a classwide trial would accomplish; liability as to each putative class member would depend on a fact-intensive examination, undertaken after the class trial concludes, into the details of each employee's individual circumstances. The claim is ill suited to class resolution."

Courts are applying *Dukes* and Rule 23 to each case on the operative facts of that case. Lujan's facts do not support class classification in this case.

Respectfully Submitted,

Douglas Weiner

cc: Lloyd Ambinder, Esq. (via ECF)

---

[1] Plaintiff Espinoza withheld the declaration of a manager until after discovery had closed, similar to the tactics used by Plaintiff Lujan to withhold the declarations of Penizzotto and Suarez until after discovery had closed in this case. The only deposition taken in *Espinoza* was as a result of "judicial intervention" where the Court re-opened discovery to allow the deposition of the manager who provided this declaration. Further, the Court noted the Spanish translations in *Espinoza* were also "arguably reversed" from English to Spanish, just as they are in this case, i.e., they were first written in English and then translated into Spanish for the affiant to review, instead of the reverse. The *Espinoza* Court relied on the cure of a certified Spanish translator, notably missing in the translations of Lujan's affidavits which contradict each other and his deposition testimony. Neither of the evidentiary safeguards implemented by the *Espinoza* Court have been advanced by Plaintiff Lujan in this case.