UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO VALDEZ LUJAN, individually and on behalf of all other persons similarly situated who were employed by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER; and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,<br><br>                                                    Plaintiffs,<br>                  - against -<br><br>CABANA MANAGEMENT, INC and/or GLENN FRECHTER, and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,<br><br>                                                    Defendants. | 10 cv 755 (ILG) (RLM) |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE**

Lloyd Ambinder, Esq.
LaDonna Lusher, Esq.
Kara Miller, Esq.
VIRGINIA & AMBINDER, LLP
111 Broadway, Suite 1403
New York, New York 10006
(212) 943 – 9080
(212) 943 – 9082
lambinder@vandallp.com
www.vandallp.com

1

**PRELIMINARY STATEMENT**

Plaintiff Gerardo Valdez Lujan ("Named Plaintiff"), opt-in Plaintiffs, and putative class members (collectively "Plaintiffs") currently or formerly employed by Defendants Cabana Management, Inc. and/or Glenn Frechter, and/or any other entities affiliated with or controlled by Cabana Management, Inc. ("CMI") and/or Glenn Frechter (collectively the "Defendants" or "Cabana") submit this memorandum of law in response to this Court's Order to Show Cause why Plaintiffs' failure to earlier disclose information concerning Ariel Penizzotto and Hugo Suarez was substantially justified or harmless under Rule 37(c) of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND**

Plaintiffs are similarly situated current and former employees of Defendants who worked as servers, hosts(esses), bartenders, busboys, runners, dishwashers, cooks, food preparers, and in other restaurant related tasks in Defendants three restaurant locations in New York City. Plaintiffs seek unpaid minimum wages and overtime compensation, and unlawfully withheld wages, tips and gratuities, pursuant to the Fair Labor Standards Act ("FLSA") and New York labor law ("NYLL"), they allege Defendants failed to pay.

On July 5, 2011, Plaintiffs submitted an application to have their NYLL claims certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. [See Docket No. 127.] In support of their motion, Plaintiffs submitted, *inter alia*, declarations from two of Defendants' former managers, Ariel Penizzotto and Hugo Suarez, who corroborated Plaintiffs' allegations that Defendants committed numerous wage and hour violations during Plaintiffs' employment. [See Docket No.127, Exhibits P and Q.]

**Ariel Penizzotto**

Penizzotto is a former manager who was employed by Defendants from approximately 2002 until 2007. Plaintiffs initially identified Penizzotto as an individual with discoverable information in March 2011 when responding to Defendants First Set of Interrogatories. [See Plaintiffs' Responses to Defendants' First Set of Interrogatories to Plaintiff Gerardo Lujan Valdez and All Opt-Ins, dated March 8, 2011 ("Rog Responses"), p.4, attached to the Declaration of Lloyd Ambinder, dated March 23, 2012 ("Ambinder Decl.") as Exhibit A.]

Specifically, Defendants asked Plaintiffs to identify, *inter alia*, any "General Manager and Assistant Manager to whom [Plaintiffs'] reported at each restaurant…." [*Id*. at p.3.] In their response, Plaintiffs identified four General Managers, and nine Assistant Managers, which included Penizzotto. [*Id*. at p.4.]

A few months later, in approximately late May 2011, Penizzotto was referred to Plaintiffs' Counsel and indicated a willingness to submit a statement of facts limited to the claims made in this action. [See Ambinder Decl., ¶ 3.] Penizzotto was residing out-of-state, and Plaintiffs' Counsel spoke with him several times via telephone. [See Ambinder Decl., ¶ 4.] On June 8, 2011, Plaintiffs' Counsel emailed Penizzotto a draft of his proposed declaration. [See Ambinder Decl., ¶ 4.] Penizzotto was asked to carefully review the statement, and to make any necessary changes or corrections. [See Ambinder Decl., ¶ 5.] Penizzotto signed the declaration and mailed it back to Plaintiffs' Counsel on June 17, 2011. [See Ambinder Decl., ¶ 6 and Exhibit B.]

Plaintiffs initial Rule 26 Disclosures were served on Defendants on January 24, 2011. [See Ambinder Decl., Exhibit C.] Plaintiffs served Defendants with Amended Rule 26 Disclosures on or about June 26, 2012, after receiving Penizzotto's declaration, and after

3

compiling the names of additional opt-in Plaintiffs and putative Rule 23 class members who had expressed their desire to participate in this action. The Amended Rule 26 Disclosures included the names of all of the Opt-in Plaintiffs and putative Rule 23 class members that had contacted Plaintiffs' Counsel to date, as well as the managers that Plaintiffs listed in their March 8, 2011 Rog Responses to Defendants. [See Ambinder Decl., Exhibit D.] These Amended Rule 26 Disclosures identified Penizzotto as a former manager likely to have discoverable information that Plaintiffs may use to support their claims or defenses. Fed. R. Civ. Pro. 26(a)(1)(A)(i).

**Hugo Suarez**

Suarez is a former manager who was employed by Defendants from approximately 2005 until 2008. Sometime in or around June 27, 2011, Suarez contacted Plaintiffs' Counsel and expressed a willingness to submit a statement of facts regarding the claims made in this action. [See Ambinder Decl., ¶ 9.][1] Suarez had several discussions with Plaintiffs' Counsel, and a statement was drafted during those discussions. [See Ambinder Decl., ¶ 10.] Suarez was asked to carefully review his statement, and to make any necessary changes or corrections. [See Ambinder Decl., ¶ 10.] Suarez signed his declaration on June 28, 2011. [See Docket No. 127, Exhibit Q.]

As Suarez was never previously identified during the discovery process, Plaintiffs knew they had an obligation to amend their Rule 26 Disclosures. Thus, the very same day that Suarez signed his declaration, Plaintiffs served their Second Amended Rule 26 Disclosures on Defendants. [See Ambinder Decl., Exhibit E.] Plaintiffs identified Suarez as a former manager likely to have discoverable information that Plaintiffs' may use to support their claims or defenses. Fed. R. Civ. Pro. 26(a)(1)(A)(i). [*Id.*]

---

[1] Plaintiffs believe that Suarez became aware of this action because he initially worked for Defendants as a server.

## **LEGAL STANDARD**

Pursuant to Rule 26(a), a party must disclose any individual likely to have discoverable information that the party may use to support its claims or defenses. Fed. R. Civ. Pro. 26(a)(1)(A)(i). A party must supplement its initial Rule 26 disclosures where a party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" Fed. R. Civ. Pro. 26(e)(1)(A).

Under Rule 37(c), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Kam Hing Enters. V. Wal-Mart Stores, Inc*., 359 Fed. Appx. 235, 237 (2d Cir. 2009) (*citing* Fed. R. Civ. P. 37(c)(1)). The Second Circuit has consistently held that, in determining whether to exclude evidence pursuant to Rule 37, courts should consider: (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the excluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Id*. (*citing Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)).

Before the extreme sanction of preclusion may be used, "a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Lodge v. United Homes, LLC*, 787 F.Supp.2d 247 (E.D.N.Y. 2011) (*citing Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988)); *see also Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and

caution."). Moreover, and "[d]espite the mandatory nature of Rule37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if 'the trial court finds that there is no substantial justification and the failure to disclose is not harmless." *Gotlin v. Lederman*, 2009 U.S. Dist. LEXIS 78818 (E.D.N.Y 2009) (*citing Pal v. N.Y. Univ.,* No. 06 Civ. 5892 (PAC) (FM), 2008 U.S. Dist. LEXIS 50902 at 3 (S.D.N.Y. June 30, 2008) (*quoting Design Strategy*, 469 F.3d at 297)).

## ARGUMENT

I. **Plaintiffs Had No Legal Obligation To Amend Their Rule 26 Disclosures To Identify Penizzotto As His Identify Was Previously Disclosed During Discovery**

This Court should accept the declaration of Penizzotto because Plaintiffs had no legal obligation to amend their Rule 26 Disclosures to identify him. Fed. R. Civ. Pro. 26(e)(1)(A) only requires a party to supplement initial disclosures if the "additional or corrective information *has not otherwise been made known to the other parties during the discovery process*[.]" Fed. R. Civ. Pro. 26(e)(1)(A) (emphasis added). As stated above, Penizzotto's identity was disclosed in Plaintiffs' March 8, 2011 interrogatory responses. While it is true that Penizzotto, as well as other managers, were only identified by their first name, this is of no concern. As former managers, these individuals were known to Defendants - a quick perusal of Defendants own records would reveal their last names, which Plaintiffs simply could not recall at the time they responded to the interrogatory. It is clear that Defendants were well aware that "Ariel" was Ariel Penizzotto, one of Plaintiffs' former managers, as Penizzotto was specifically identified by Defendant Glenn Frechter and general manager, Benjamin Bautista, at their respective depositions. [See Docket No.127, Exhibit C – deposition of Glenn Frechter ("Frechter Dep."), p.117:12-24, and Exhibit D – deposition of Benjamin Bautista ("Bautista Dep."), p.82:19-25; 83:2-10.]

Based on the clear statutory language, Plaintiffs were not obligated to amend their Rule 26 Disclosures and thus there is no basis to exclude Penizzotto's declaration. *See e.g. Universe Antiques, Inc. v. Vareika*, 2011 U.S. Dist. LEXIS 124501 (S.D.N.Y. October 21, 2011) (no duty to supplement Rule 26 initial disclosures because undisclosed witness was known by defendants and a former employee); *Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720; (S.D.N.Y. 2011) (no duty to supplement Rule 26 initial disclosures because the identity of witness was disclosed during deposition testimony).

II. **Plaintiffs Amended Their Rule 26 Disclosures To Identify Suarez The Same Day Suarez Signed His Declaration In Support Of Plaintiffs' Claims**

This Court should accept the declaration of Suarez because Plaintiffs fulfilled their obligations to supplement Rule 26 Disclosures. The very same day that Plaintiff Suarez signed his declaration in support of Plaintiffs' claims, Plaintiffs amended their Rule 26 Disclosures and served them on Defendants. Clearly there can be no argument that Plaintiffs' disclosure was untimely or delayed, and thus Suarez's declaration should be properly considered by this Court.

III. **Assuming *In Arguendo* That Plaintiffs Were Required To Amend Their Rule 26 Disclosures To Identify Penizzotto, Any Delay Was Substantially Justified and Harmless**

Should this Court determine that Plaintiffs were required to amend their initial disclosures to include Penizzotto, his declaration should still be accepted. Plaintiffs served Defendants with Amended Rule 26 Disclosures which identified Penizzotto approximately one month after Penizzotto first communicated with Plaintiffs' counsel regarding the submission of a declaration. That Penizzotto was only identified by his first name in Plaintiffs' Amended Rule 26 Disclosures was harmless as it was an inadvertent drafting mistake by Plaintiffs' Counsel, who simply "copied and pasted" the individuals listed in Plaintiffs' March 8, 2011 Rog Responses and forgot to add Penizzotto's last name. In any event, as stated previously,

7

Defendants were well aware that "Ariel" referred to "Ariel Penizzotto.

Furthermore, Defendants were not harmed by Plaintiffs delay in disclosing Penizotto. Inexplicably, Defendants devoted all of their attention in the NYLL pre-class certification discovery process only to those Plaintiffs who had opted-in to the FLSA portion of this action. [See Ambinder Decl., Exhibit F.] No attempt was made to seek discovery from any of the putative class members who possessed NYLL claims, despite several requests from Plaintiffs that discovery pertaining to NYLL Rule 23 class certification be conducted. [See Ambinder Decl., Exhibit F.] Because Penizzotto (and Suarez's) employment with Defendants occurred prior to the FLSA period, it is likely that Defendants would not have been interested in conducting discovery of the knowledge these individuals possessed as their knowledge was limited to the NYLL time period.[2]

In any event, Defendants motion seeks to have Penizzotto (and Suarez's) declarations stricken not because these individuals were identified late in Plaintiffs' Rule 26 Disclosures, but because Plaintiffs did not provide Defendants with copies of their declarations in response to Defendants Request for Production of Documents. Indeed, Defendants are not protesting that Penizzotto and Suarez were not identified to them early enough, but are claiming they were entitled to copies of these individual's statements prior to their inclusion as support for Plaintiffs' class certification motion. As Defendants themselves do not allege any harm related to Plaintiffs' Rule 26 disclosures, there is no basis to preclude these declarations.

### IV. The Factors Analyzed Under FRCP 37(c) Do Not Weigh in Favor of Precluding the Declarations of Penizzotto and Suarez

Plaintiffs have demonstrated that they were not legally obligated to amend their

---

[2] Plaintiffs believe that Defendants limited discovery to the opt-in Plaintiffs with FLSA claims in order to gather information in support of their motion for de-certification of the FLSA collective. Defendants did not depose or seek paper discovery from any of the putative Rule 23 class members possessing NYLL claims.

8

disclosures to include Penizzotto, immediately amended their disclosures for Suarez, and that to the extent there was any delay, it was substantially justified and harmless. As such, this Court should deny Defendants' Motion to Strike this evidence. However, should this Court find otherwise, the declarations should still be considered in support of Plaintiffs' class certification motion because the factors analyzed pursuant to Rule 37(c) do not weigh in favor of precluding this important evidence.

### A. Plaintiffs' Made Their Best Efforts to Comply With the Disclosure Requirement

Plaintiffs' First and Second Amended Rule 26 Disclosures were served prior to the discovery deadline of July 1, 2011, and prior to Plaintiffs' filing of their Motion for Class Certification on July 5, 2011. While Plaintiffs amended disclosures were served close to the discovery cut-off, Plaintiffs submit that the delay was not intentional, done in bad faith, or as an attempt to "ambush" Defendants so they would be prevented from conducting discovery regarding Penizzotto, Suarez or any other individual identified in the amended disclosures. Plaintiffs only learned that Penizzotto and Suarez would be submitting declarations towards the end of the discovery period and did their best to comply with their Rule 26 obligations.

### B. Defendants Suffered No Prejudice From Plaintiffs' Submission of the Declarations of Penizzotto and Suarez

Defendants did not suffer any prejudice because Penizzotto and Suarez were former managers who worked at all three New York restaurants. Defendants knew that they had supervised Plaintiffs, and would therefore have knowledge of Plaintiffs' claims. *EMI Music Mktg. v. Avatar Records, Inc.*, 334 F.Supp.2d 442, 445 (S.D.N.Y. 2004) (court denied preclusion of witnesses who were former or current employees). Thus, Defendants had ample opportunity to contact Penizzotto and Suarez and inquire about their knowledge of Plaintiffs' employment. In fact, early in this litigation Defendants' prior counsel conducted numerous meetings with

9

present and former employees with the goal of obtaining statements about the claims in this lawsuit. [See Docket No. 32.]

Moreover, these declarations were submitted when Plaintiffs initially filed their motion for class certification, and Defendants had an opportunity to respond to Penizzotto and Suarez's testimony in their opposition papers. In fact, Defendants submitted declarations from no fewer than eight current and former managers who directly responded to the testimony given by Penizzotto and Suarez. [See Docket Nos. 146-148.] Managers Benjamin Bautista, Mario Amaya, Diego Torres, Jose Torres, Alexis Rodriquez, Harold Quintero, Eduardo Arevalo and owner Glenn Frechter all provide testimony that specifically and thoroughly addresses the statements provided by Penizzotto and Suarez, and attempts to discredit their testimony. [Id.] Defendant Frechter's declaration even includes alleged "Notices of Separation" regarding Penizzotto and Suarez's separation from employment with Defendants. [Id.] Accordingly, Defendants cannot claim Penizzotto and Suarez offered any new testimony to which they never had an opportunity to address. *Kam Hing Enters. V. Wal-Mart Stores, Inc.*, 359 Fed. Appx. 235, 237 (2d Cir. 2009).

### C. Plaintiffs' Evidence Is of Great Importance to their Claims

The importance of Penizzotto and Suarez's declarations in support of Plaintiffs' class certification is as critical as it is obvious. These former managers worked at all three of Defendants' New York locations at different times and provided testimony that directly corroborates Plaintiffs' claims. Specifically, Penizzotto and Suarez affirm that full-time employees, both front of house and back of house, generally worked 15 to 20 hours more each week than what was reflected in their paychecks. [See Docket No.127, Exhibits P and Q.] Penizzotto and Suarez testified that they were instructed to reduce employee hours in the

computer system on a regular basis by cutting the "punch-in" and "punch-out" hours for employees. [*Id*.]  Penizzotto and Suarez also confirm that Cabana had a policy of requiring employees to only clock-in when the first customer arrived, and by requiring employees to use their own wages to pay for mistakes to a customer's bill and when a patron refused to pay for part or all of a meal. [*Id*.]

It is of no surprise that Defendants seek to have these statements stricken as they corroborate Plaintiffs' claims that Defendants committed unlawful wage and hour violations that resulted in Plaintiffs being underpaid.  Nevertheless, this Court should deny Defendants' request as the preclusion of these declarations is not justified and would be highly prejudicial to Plaintiffs.

### D. There Was a Possibility of Continuance

The final factor in analyzing whether evidence should be stricken under FRCP 37(c) is whether there was a possibility of a continuance of discovery.  As stated by this Court in *Gotlin*, *supra*, "A continuance is always theoretically possible…" even where discovery has closed.  It is clear that Defendants were never going to seek a continuance of discovery.  As stated previously, Defendants did not argue that Penizzotto and Suarez's declarations should be stricken because they would have taken additional discovery.  Rather, Defendants argued that the declarations should be stricken because Plaintiffs did not provide Defendants with copies of the declarations in response to Defendants' Request for Production of Documents.

Accordingly, Plaintiffs respectfully submit that Penizzotto and Suarez's declarations should still be considered in support of Plaintiffs' class certification motion because the factors analyzed pursuant to Rule 37(c) do not weigh in favor of precluding this important evidence. *See e.g. Kansas v. Empire City Subway Co*., 692 F.Supp.2d 316 (S.D.N.Y. 2010) (court refused

11

to strike defendant's answer because there was no evidence of bad faith or prejudice); *Outley v. City of New York*, 837 F.2d 587 (2nd Cir. 1988) (court reversed trial court's preclusion of two witnesses who were not identified in Plaintiff's discovery response because Plaintiff did not act in bad faith and precluding the witnesses from testifying is an extreme sanction that was too prejudicial to Plaintiff).

## **CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request this Court deny Defendants' application to strike the declarations of Penizzotto and Suarez submitted in support of Plaintiffs' Motion for Class Certification, along with such other relief as this Court deems proper.

Dated: New York, New York
March 23, 2011

_____/s/_____
Lloyd Ambinder, Esq.
LaDonna Lusher, Esq.
Kara Miller, Esq,
VIRGINIA & AMBINDER, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel:   (212) 943-9080

*Attorneys for Plaintiffs and Putative Class*