UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO VALDEZ LUJAN, individually and on behalf of all other persons similarly situated who were employed by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER; and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,<br><br>Plaintiffs,<br><br>- against -<br><br>CABANA MANAGEMENT, INC and/or GLENN FRECHTER, and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,<br><br>Defendants. | No. 10 cv 755<br>(ILG) (RLM) |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release (the "Agreement") is entered into by and between, on the one hand, GERARDO VALDEZ LUJAN (the "Named Plaintiff"), individually as well as on behalf of a class of present and former employees of CABANA MANAGEMENT, INC. and/or GLENN FRECHTER individually, and such entities affiliated with or controlled by CABANA MANAGEMENT and/or GLENN FRECHTER including Cabana Seaport LLC, Cabana Midtown LLC, Cabana East LP, and Cabana 70 Associates LP (the "Cabana Defendants"). The class is defined as "front of the house employees" who worked for Cabana Defendants between February 20, 2004 and March 1, 2010 (the "Settlement Period"). The class does not include salaried supervisors, officers, executive, managerial or administrative personnel, nor does the class include cooks, food preparers, dishwashers, porters or other "back of the house" employees. (the Cabana Defendants, collectively with the Named Plaintiff, individually and on behalf of the Class shall be referred to hereinafter as the "Parties").

1. **RECITALS AND BACKGROUND**

WHEREAS, Named Plaintiff has filed a Complaint against Cabana Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York state wage and hour law for the alleged failure to pay certain wage and overtime amounts to non-exempt employees employed by the Cabana Defendants (the "Litigation");

WHEREAS, a collective action was conditionally certified by the Court by Order dated February 1, 2011;

WHEREAS, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, the Cabana Defendants have agreed to the dissemination of a notice of settlement pursuant to the Federal Rules of Civil Procedure to cover New York Labor Law wage

1

and hour claims to all employees employed by the Cabana Defendants during the Settlement Period (the "Cabana Employees"), and

WHEREAS, the purpose of this Agreement is to settle fully and finally all factual and legal disputes and Claims, between the Named Plaintiff, a class of Cabana employees and Cabana Defendants, including all claims asserted in the Litigation;

WHEREAS, Defendants deny all of the allegations made in the Litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without admitting or conceding that class and collective certification is warranted, and further without acknowledging or conceding any class or individual liability or damages whatsoever, and without admitting that any wages or overtime amounts were improperly calculated or withheld from any employees, the Cabana Defendants agree to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Plaintiffs' Counsel analyzed and evaluated the disputed facts, and merits of the claims made against and defenses asserted by the Cabana Defendants and concluded this Agreement was in the best interests of the Named Plaintiff and Cabana Employees. Considering the benefits of this Agreement on Named Plaintiff and Cabana Employees and based upon the analysis and evaluation of a number of sharply disputed facts, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any individual or class recovery whatsoever, or might result in a recovery that is less favorable or that may not realize any benefit for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement serves the best interests of the Named Plaintiff and Cabana Employees; and

WHEREAS, the parties, including legal counsel and their respective clients, having engaged in Court-supervised settlement negotiations under the direction and with the assistance of Magistrate Judge Roanne Mann;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1. **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 **Agreement.** "Agreement" means this Settlement Agreement and Release of Claims.

1.2 **Claimant.** A Plaintiff who files a Claim Form and becomes entitled to receive a Settlement Payment.

1.3 **Bar Date.** The date after which all Claims are barred. Claims post-marked later than forty-five (45) days after the initial mailing of Notice by the Administrator are barred. To the extent that a Notice is returned without a forwarding address, the Administrator will conduct a skip-trace to locate the Cabana Employee, and re-mail the Notice with an additional 15 day window for the Cabana Employee to file a Claim Form. Claims from re-mailed Notices post-marked later than fifteen (15) days after the first mailing's original Bar Date are barred.

1.5 **Class.** "Class" shall be defined as: Plaintiff and all current and former employees of the Cabana Defendants, including Cabana Forest Hills, Cabana East or Midtown, and Cabana South Street Seaport who performed work as servers, hosts(esses), bartenders, busboys, runners, or others who performed customarily defined "front of the house" restaurant related tasks during the Settlement Period. Corporate officers, shareholders, directors, administrative employees, and other customarily exempt employees are not part of the proposed class. Cooks, food preparers, dishwashers, porters or others who perform customarily defined "back of the house" restaurant related tasks are not part of the proposed class.

1.6 **Claim Form.** "Claim Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement, that the Cabana Employees must sign and return post-marked by the Bar Date. The Claim Form must be timely received by the Administrator for a Cabana Employee to be eligible for a distribution from the Settlement Account.

1.7 **Counsel.** "Counsel" or "Plaintiffs' Counsel" shall mean Lloyd Ambinder, Esq., Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006.

1.8 **Named Plaintiff.** "Plaintiff" means GERARDO VALDEZ LUJAN.

1.8 **V&A Claimants.** "V&A Claimants" means the Class members identified in the annexed Exhibit "4" who possess FLSA claims and have already filed timely Consent to Join forms and other Class members who have previously expressed interest in participating in this action, and whose identities were previously disclosed to Defendants. V&A Claimants acknowledge that they also must file a claim form.

1.9 **Cabana Employees.** "Cabana Employees" refer to Plaintiff and all current and former employees of Cabana Forest Hills, Cabana East or Midtown, and Cabana South Street Seaport who performed work as servers, hosts(esses), bartenders, busboys, runners, others who performed customarily defined "front of the house" restaurant related tasks during the Settlement Period. Only Cabana Employees are eligible to become Claimants in this Litigation.

1.10 **Cabana Employee List.** A list of all Cabana Employees, identified by: (i) name; (ii) last known address; (iii) title, classification or department; (iv) dates of employment; (v) weeks worked during the Settlement Period, contained in a confidential document that the Cabana Defendants shall provide to Plaintiffs' Counsel and the Settlement Administrator. The Cabana Employee List is to be used by Plaintiffs' Counsel and

  Settlement Administrator to effectuate settlement, and may not be copied, disseminated or used for any other purpose.

**1.11**  **Court.** "Court" means the United States District Court for the Eastern District of New York.

**1.12**  **Days.** "Days" means business days if the specified number is less than ten (10), and calendar days if the specified number is ten (10) or greater.

**1.13**  **Settlement Fund.** Means the sum of $825,600.00 which represents the *potential* maximum amount that would be paid, if all Class members employed each week during the Settlement Period participate in the Agreement according to the terms set forth herein, including all professional fees and costs.

**1.13**  **Fairness Hearing.** "Fairness Hearing" means the hearing the Court conducts prior to ruling on the parties' joint motion for entry of the Final Order.

**1.14**  **Final Order.** "Final Order" means the final Order of Dismissal with Prejudice entered by the Court after the Fairness Hearing, approving the parties' proposed terms and conditions of this Agreement, including distribution of the settlement payments and professional fees and costs, and dismissal of the Litigation with prejudice.

**1.15**  **Final Effective Date.** "Final Effective Date" shall be the first date after the Court has entered a Final Order approving this Agreement and dismissing the Litigation with prejudice; the time to appeal from the Final Order has expired and no notice of appeal has been filed or if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

**1.16**  **New York State Law Claims.** "New York State Law Claims" or "State Law Claims" means all wage and hour claims that could have been asserted under New York State law by or on behalf of the Cabana Employees, excluding Cabana Employees who opt-out of this Agreement, under New York State Law. Released New York State Law Claims include all "spread of hours" claims under state law, and all claims for unpaid regular or overtime wages, any related wage and hour claims, all 'derivative benefit claims' (*defined as* claims for benefits resulting from Alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees, expenses and costs related to any such claims.

**1.17**  **Notice or Notices.** "Notice" or "Notices" means the Court–approved Notice of Proposed Settlement including notice of an opportunity to opt-out and/or object to the proposed Settlement.

**1.18** **Settlement Period.** "Settlement Period" means February 20, 2004 through March 1, 2010

**1.21** **Objector.** "Objector" means an individual who properly files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

**1.22** **Claimant.** "Claimant" means those Cabana Employees and V&A Claimants who are eligible to participate in this settlement so long as he or she shall: (i) file with the Administrator a Proof of Claim containing the information requested in the attached Proof of Claim form by the Claim Bar Date, and (ii) whose Proof of Claim is not rejected. V&A Claimants and Claimants acknowledge that they agree to settle all possible claims, including but not limited to all New York State Law Claims and FLSA claims.

**1.23** **Opt-out Statement.** "Opt-out Statement" is a written signed statement that a Cabana Employee has decided to opt-out and not be included in this Agreement. A Cabana Employee who does not submit an Opt-out Statement waives and releases all New York State Law Claims, even though he or she does not submit a Proof of Claim form. An employee who submits an Opt-out Statement retains any FLSA and/or New York State Law Claims.

**1.24** **Implementing Order.** "Implementing Order" means the Order entered by the Court: (i) effectuating the settlement; (ii) approving the Notice and Claim forms and, (iii) directing the manner and timing of publishing the Notice to the Cabana Employees.

**1.25** **Administrator.** The "Administrator" refers to the Administrator selected to mail the Notices and administer Settlement at Class Counsel's expense.

**1.26** **Settlement Checks.** "Settlement Checks" means checks issued to Claimants calculated in accordance with this Agreement.

**1.27** F**ront of the House.** "Front of the House" or "FOH" means servers, hosts(esses), bartenders, busboys or runners, and those who perform similar tasks.

**1.28** **Back of the House.** "Back of the House" or "BOH" means dishwashers, food preparers, cooks or porters, and those who perform similar tasks**.**

**2.** **INITIAL PROCEDURAL ISSUES**

**2.1** **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

**2.2** **State Law Settlement.** For purposes of settlement only, the Parties stipulate to include all Cabana Employees possessing New York State Law claims during the Settlement Period.

**2.3** **Retention of the Administrator.** Class counsel shall engage an Administrator who is mutually agreeable to the Parties.

5

**2.4** **Responsibilities of the Administrator.** The Administrator shall be responsible for: (i) preparing, printing and mailing the Notice and Claim Forms to the Cabana Employees (ii) copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party (iii) preparing, monitoring and maintaining a toll-free number with phone answerers until the Final Effective Date or the termination of this Agreement whichever comes first; (iv) promptly furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from the Cabana Employees which the Administrator receives; (v) receiving, recording and reviewing the Claim Forms submitted by the Cabana Employees; (vi) recording and keeping track of requests for exclusion including maintaining the original mailing envelope in which the request was mailed; (vii) mailing the settlement checks to each Claimant; (viii) ascertaining current address and addressee information for each Notice and Claim Form returned as undeliverable and the mailing of Notice and Claim Form; (ix) responding to inquiries of the Cabana Employees regarding procedures for filing objections, opt-out forms, and Claim Forms; (x) referring to Plaintiffs' Counsel all inquiries by the Cabana Employees regarding matters not within the Administrator's duties specified herein; (xi) responding to inquiries from Counsel for the Parties consistent with the Administrator's duties specified herein; (xii) promptly apprising Counsel for the Parties of the activities of the Administrator; (xiii) maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and mailing and receipt of Claim Forms(s), returned mail and other communications and attempted written or electronic communications with the Cabana Employees; and (ix) such other tasks as the Parties mutually agree. In addition, no later than twenty (20) days prior to the Fairness Hearing, the Administrator shall certify jointly to Plaintiffs' Counsel and Cabana Defendants' Counsel (a) a list of all Cabana Employees who timely filed their Claim Form (b) a list of all Cabana Employees who filed a timely objection, and (c) a list of all Cabana Employees who requested to opt-out of the settlement at any time during the opt-out period. The Administrator shall also provide the Cabana Defendants with an updated address list for the Cabana Employees. Throughout the period of claims administration, the Administrator will provide reports to the Parties upon request by either Party, regarding the status of the mailing of the Notices and Claims Forms to the Cabana Employees, the claims administration process, and distribution of the Settlement Checks or any other aspect of the claims administration process.

**2.5** **Notice.** The Notice will inform Plaintiffs about this Settlement and will also advise them of the opportunity to object to, opt-out, or file a Claim Form to join in the settlement, and/or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Implementing Order by the court, the Administrator will mail to all Cabana Employees, via First Class United States Mail, the Court–approved Notices of Proposed Settlement and Fairness Hearing, with Claims Form. The Administrator will take all *reasonable steps* to obtain the correct address of any Cabana Employee for whom a Notice and Claims Form is returned by the post office as undeliverable, including a skip trace, and shall attempt a re-mailing to any Cabana Employee for whom it obtains a more recent address within seven (7) days of receipt of the returned undeliverable first mailing. The Administrator will notify Plaintiffs' Counsel and Cabana Defendants' Counsel of any Notice and Claims Form sent to a Cabana Employee that is returned as undeliverable

after the first mailing, as well as any such Notice and Claims Form returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

**2.6** **Access to the Administrator**. The Parties will have equal access to the Administrator throughout the claims administration period. Plaintiffs' Counsel and Cabana Defendants' Counsel agree to provide the Administrator with all accurate information necessary to reasonably assist the Administrator in locating the Cabana Employees.

**2.7** **Approval of the Implementing Order.**

(A) Upon signing this Agreement, Plaintiffs' counsel shall apply to the Court to publish the proposed Notice and Claim Form. The proposed Notice, Claim Form and Implementing Order approved by the Parties is annexed hereto and made a part of this agreement as Exhibits "1", "2" and "3" respectively.

(B) The proposed Implementing Order will seek the setting of a date for individuals to submit Claim Forms, opt-out of this Agreement and/or provide objections to this Agreement, which date will be forty-five (45) days from the initial mailing of Notice and Claims Forms to the Cabana Employees, and for an expedited Fairness Hearing to effectuate the benefits of the settlement and terminate the Litigation at the earliest practicable date.

(C) To the extent that a Notice is returned without a forwarding address, the Administrator will conduct a skip-trace to locate the Cabana Employee, and re-mail the Notice providing an additional 15 days to file a Claim Form with via class mail, which date shall be post-marked no later than fifteen (15) days after the original Bar Date.

(D) Plaintiffs' Counsel requests the Court to approve the terms of this Agreement and to enter a "Final Order" and a "Judgment of Dismissal with Prejudice" that will, among other things: (1) approve the settlement and terms of the Agreement as conferring benefits to Named Plaintiff and Cabana Employees that are fair, adequate and reasonable; (2) approve the proposed Notice to the Cabana Employees; incorporate the terms of the Release of all Claims, as described herein; (3) dismiss the Litigation with prejudice; and (4) award Plaintiffs' Counsel fees, expenses and costs.

(E) The Parties will work together, diligently and in good faith, to expeditiously obtain an Implementing Order and Final Order of Dismissal with Prejudice. Any disputes which arise between the Parties related to the Parties' efforts to obtain a Final Order, Final Judgment and Dismissal with prejudice shall be submitted to Magistrate Judge Roanne Mann.

**2.8** **Notice and Claims Forms to Cabana Employees**

(A) Within five (5) days of the filing of Implementing Order, Cabana Defendants' Counsel will provide Plaintiffs' Counsel and the Administrator, in electronic form and for all Cabana Employees a list of all Cabana Employees, identified by: (i)

7

        name; (ii) last known address; (iii) title, classification or department; (iv) dates of employment; (v) weeks worked during the Settlement Period, contained in a confidential document that the Cabana Defendants shall provide to Plaintiffs' Counsel and the Settlement Administrator.  The Cabana Employee List is to be used by Plaintiffs' Counsel and Settlement Administrator to effectuate settlement, and may not be copied, disseminated or used for any other purpose other than to effectuate the terms of settlement.

    (B)    Cabana Employees will have forty-five (45) days from the date of initial mailing to return the Claim Form.  To be effective, a claim form must be post-marked by the Court-authorized Bar Date. To the extent that the envelope does not contain a post-mark, the date that the Administrator stamps the envelope or claim form 'received,' shall apply. To the extent that a Notice is returned without a forwarding address, the Administrator will conduct a skip-trace to locate the Cabana Employee, and re-mail the Notice.  Cabana Employees receiving a re-mailed Notice shall have an additional 15 days to file a Claim Form via first class mail, which date shall be post-marked no later than fifteen (15) days after the original Bar Date.

**2.9**    **Opt-outs.**

    (A)    Cabana Employees who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to the Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Cabana wage and hour settlement." ("Opt-out Statement").  To be effective, an Opt-out Statement must be post-marked by the Bar Date.

    (B)    The end of the time period to opt-out of the settlement ("Opt-out Period") shall be on or before the Bar Date.

    (C)    The Administrator will send a final list of all Opt-out Statements to Plaintiffs' Counsel and Cabana Defendants' Counsel before the Fairness Hearing, and no later than 21days after the date of the original Bar Date.  The Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Administrator is relieved of its duties and responsibilities under this Agreement.

    (D)    Any Cabana Employee who does not submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Judgment in this case, and have any State Law Claims released and dismissed. Only those Cabana Employees who timely complete and return a Claim Form post-marked by the Bar Date will be deemed authorized to participate in this settlement as a "Claimant". Upon payment, Claimants will have all State Law Claims dismissed, with prejudice.  The Cabana Defendants will fund amounts allocated to each Claimant who returns a timely

    Claim Form as set forth in this Agreement. The Cabana Defendants shall have no obligation to pay or fund any amounts allocated to the Cabana Employees who do not submit a timely Claim Form as set forth in this Agreement.

(E) For purposes of this agreement, all claimants, including the Named Plaintiff and the V&A Claimants are deemed to be Claimants, and are required to file a Claim Form to participate in the settlement.

**2.10** **Objections to Settlement.**

(A) Cabana Employees who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Administrator via First-Class United States Mail post-marked by the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers for the Cabana Employee making the objection. The Administrator will stamp the date received on the original and send copies of each objection, supporting documents, to Plaintiffs' Counsel and Cabana Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection.

(B) An individual who files objections to the settlement ("Objector") also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time.

**2.11** **Fairness Hearing and Motion for Final Approval and Dismissal.**

At the Fairness Hearing, the Parties will request that the Court enter a Final Order which will, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Cabana Employees who have not timely opted out of the settlement; (2) order the Administrator to distribute Settlement Checks to the Cabana Employees who filed valid, timely Claims Forms, (3) order the attorneys' fees, expenses and costs to be paid to Plaintiffs' Counsel; (4) (a) order the dismissal with prejudice of all State Law Claims by all Cabana Employees who did not opt-out; (b) order the dismissal with prejudice of FLSA and state law claims by all Cabana Claimants or Employees who opted-in by filing Claims; (5) order entry of the Final Order in accordance with this Agreement; and (6) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**2.12** **Mailing of Settlement Checks.**

The Settlement Checks and Plaintiffs' Counsels' check to pay for all approved professional fees and expenses will be mailed to the Cabana Employees and to Plaintiffs' Counsel as provided herein.

**3. SETTLEMENT TERMS**

**3.1 Settlement Fund Computation and Allocations.**

Individual Claimant Allocations are computed as follows:

(A) All V&A Claimants shall be entitled to a settlement wage award of $75.00 per week for every week worked during between the Settlement Period. The aggregate value of all V&A Claimants is $162,544.56 as set forth in the annexed Exhibit "4".

(B) All Claimants shall be entitled to a settlement wage award of $55.00 per week for every week worked during the Settlement Period. Defendants have agreed to pay a sum not to exceed $250,000 to the Claimants. If the aggregate of all Claimants' claims exceed $250,000, then the individual allocations shall be prorated down so that Defendants do not pay a sum of more than $250,000.

(C) The Named Plaintiff Lujan, Ana Ruiz, Maria Carmenza Guevara and Cesar Vargas shall each receive an additional service award in the amount of three thousand dollars ($3,000).

(D) Defendants shall be entitled to a set-off of all amounts paid to any V&A Claimant and Claimants who were paid sums of money during the Settlement Period.

(E) Payment to all Claimants, V&A Claimants and for professional costs and fees shall be made in three equal installments on or before May 1, 2013, November 1, 2013 and May 1, 2014 or within 20 days after the Final Effective Date

(F) The Cabana Defendants, may, at their option, pay the amounts allocated to the Claimants, and for professional fees and costs, in one lump sum on or before May 1, 2013, in which case the single payment shall be discounted by five percent (5%). A schedule containing the aggregate value of all V&A Claimants with a 5% set-off is annexed hereto as Exhibit "5".

**3.2 Professional Fees and Costs.**

At the Fairness Hearing Class Counsel will petition the Court for an award of attorneys' fees and costs not to exceed the sum of Four Hundred Sixty Two Dollars ($462,000.00). Cabana Defendants will not oppose an award up to that amount, including any appeal or request for reconsideration if Class Counsel's application is denied or reduced by the Court.

**3.3 Tax Characterization.**

(A) Settlement payments to the Cabana Employees will be allocated as follows: (i) one-half (1/2) of the payment will be deemed wage income subject to reporting on IRS form W-2, (ii) one-half will be deemed non-wage liquidated damages subject to reporting on IRS form 1099. Service awards and attorneys' fees and costs will

10

        be deemed non-wages subject to IRS form 1099 reporting. The Cabana Defendants shall prepare the W-2s, 1099s and payment checks for all the qualifying Cabana Employees, and deliver them to the Administrator for distribution to the V & A Claimants, Class Claimants, and Class Counsel.

(B)    All applicable employer payroll tax contributions for wage payments reported on IRS Form W-2 will be paid by the Cabana Defendants.

**3.4**    **Hold Harmless.**

The Cabana Employees agree to hold the Cabana Defendants harmless, and indemnify the Cabana Defendants from any payments the Cabana Defendants may be required to make to any taxing authority resulting from this Agreement, including the issuance of any IRS tax forms. Cabana Defendants bear no liability from any Cabana Employee's failure to pay any taxes that any Cabana Employee owes.

**4.**    **RELEASE**

**4.1**    **Release of Claims.**

(A)    By operation of the Court's entry of the Judgment and Final Order, and except as to such rights or claims as may be created by this Agreement, (a) each Cabana Employee who fails to submit an Opt-out Statement forever releases all claims against the Cabana Defendants from, any and all claims, charges, demands, sums of money, actions, rights, promises, agreements, causes of action, obligations, and liabilities of any kind or nature whatsoever, at law or in equity, whether known or unknown, existing or contingent, suspected or unsuspected, apparent or concealed (hereinafter collectively referred to as "Claims") which the Cabana Employee now or in the future may have or claim to have against the Cabana Defendants based upon or arising out of compensation for their employment or any matters alleged in the Complaint, including any facts, acts, conduct, omissions, transactions, occurrences, contracts, events, causes, matters, or things of any conceivable kind or character existing or occurring or claimed to exist or to have occurred at any time on or before the date of the Final Order, whether asserted as an individual claim or action, or a class or collective claim or action on behalf of a class or collective action which includes the Cabana Employee as an actual or putative class or collective action member. This release is general and comprehensive in nature and releases all wage Claims and potential Claims against Cabana Defendants, as alleged in the Complaint to the maximum extent permitted by law. To the fullest extent permitted by law, the Claims being released include, but are not limited to, any and all Claims for severance pay, sick leave or any other type of leave, holiday pay, vacation pay; any and all Claims relating to or arising out of Plaintiffs' employment, compensation, wages including overtime wages, bonuses, commissions and benefits with the Defendants, as well as any other compensation related claims arising under any federal, state, municipal, or employment law, statute, or regulation. Upon payment to Claimants and Class Counsel of the amounts approved by the Court in

11

the Final Order, the Named Plaintiff and the Cabana Employees hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against the Cabana Defendants, including attorneys' fees or costs associated with Plaintiffs' Counsel's representation of the Cabana Employees. Plaintiffs' Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Plaintiffs' Counsel's representation in the Litigation.

**4.2    Denial of Liability**

**(A)**    Cabana Defendants have agreed to the terms of this Agreement without in any way acknowledging any violation, fault or liability, and with the understanding that this settlement will avoid the further inconvenience and expense of continued litigation. Nothing in this Agreement shall be deemed or used as an admission of violation, wrong doing or liability by the Cabana Defendants in any way.

(B)    Neither Party shall make any statement to the media relative to this Settlement. Plaintiffs' Counsel has agreed to not use the Litigation or the Mailing List as marketing tools or for promotional purposes in any manner. Plaintiffs' Counsel agrees to remove all reference to the Litigation from their website.

**5.    INTERPRETATION AND ENFORCEMENT**

**5.1    Cooperation Between the Parties; Further Acts**.  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and entry of the Final Order. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2    No Assignment.**  Plaintiffs' Counsel and the Named Plaintiff, on behalf of the individual Cabana Employees, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**5.3    Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.4    Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Named Plaintiff and Cabana Employees, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.5    Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement

12

and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.6** **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.7** **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.8** **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**5.9** **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.10** **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**5.11** **Waivers, etc. to Be in Writing**. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.12** **When Agreement Becomes Effective; Counterparts**. This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.13** **Binding Authority of Plaintiffs' Counsel**. Plaintiffs' Counsel hereby represents that they are fully authorized to bind the Named Plaintiff to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

13

**5.14** **Signatures.**  This Agreement is valid and binding if signed by the Parties' authorized representatives.

**5.15** **Facsimile and Email Signatures.**  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**SO AGREED:**

| | |
|---|---|
| VIRGINIA & AMBINDER, LLP | EPSTEIN, BECKER & GREEN, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 111 Broadway, Suite 1403 | 250 Park Avenue |
| New York, NY  10005 | New York, New York 10177-1211 |
| (212) 943-9080 | (212) 351-4770 |
| | |
| By: _____ | By: _____ |
|     LLOYD AMBINDER, ESQ. |     DOUGLAS WEINER, ESQ. |
| | |
| Dated: November ___, 2012 | Dated:November ____, 2012 |