UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERARDO VALDEZ LUJAN, individually and on behalf of all other persons similarly situated who were employed by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER; and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,<br><br>Plaintiffs,<br><br>- against -<br><br>CABANA MANAGEMENT, INC. and/or GLENN FRECHTER, and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,<br><br>Defendants. | Docket No.: 10-cv-755<br><br>ORDER PRELIMINARILY APPROVING THE PROPOSED SETTLEMENT, FOR CERTIFICATION OF THE SETTLEMENT CLASS, FOR APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND FOR APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND RELEASE AND CLAIM FORM |

The above-entitled matter came before the Court for Preliminary Approval of Settlement, Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure, and Claim Form ("Motion for Preliminary Approval").

I.      **Preliminary Approval of Settlement**

1.      Based upon the Court's review of the Affirmation of Lloyd Ambinder ("Ambinder Affirmation"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Ambinder Affirmation as Exhibit "A".

2.      The Court concludes that notice to the Class is appropriate.

3.      The Court concludes that the Claim Form to the Class is appropriate.

4.      The Court finds that the Settlement Agreement is the result of extensive arm's

1

FIRM:19381797v3

length negotiations, and serves the best interests of the parties..

## II.     Conditional Certification of the Proposed Rule 23 Settlement Class

5. The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class") as:

> Plaintiff and all current and former employees of Cabana Forest Hills, Cabana East or Midtown, and Cabana South Street Seaport who performed work as servers, hosts(esses), bartenders, busboys, runners, other customarily defined "front of the house" restaurant related tasks during the Settlement Period defined as February 20, 2004 through March 1, 2010.  Corporate officers, shareholders, directors, administrative employees, and other customarily exempt employees are not part of the Class. Cooks, food preparers, dishwashers, porters and other customarily defined "back of the house" employees are not part of the Class.

6. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

7. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are no less than 100 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

8. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the class members share common issues of fact and law.

9. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims.

10. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not adverse or at odds with class members.

11. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3).  Common factual allegations and a common legal theory predominate over any factual or legal variations among

class members.

### III. Appointment of Plaintiffs' Counsel as Class Counsel

12. The Court appoints Lloyd Ambinder, Esq., Virginia & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006 as Class Counsel because the firm meets all of the requirements of Federal Rule of Civil Procedure 23(g).

13. Class Counsel did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. Class Counsel have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

### IV. Class Notice

15. The Court approves the Notice of Proposed Class Action Settlement ("Notice"), and Claim Form and Release ("Claim Form") attached to this Order as Exhibits "1" and "2" respectively, and directs its distribution to the Class.

16. The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

17. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

3

Fed. R. Civ. P. 23(c)(2)(B).

17. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement.

### V. Class Action Settlement Procedure

18. The Court hereby sets the following settlement procedure:

| | |
|---|---|
| 30 days after entry of Implementing Order:<br>*[DATE TO BE INSERTED]* | Mailing of Class Notice. |
| 45 days after date of mailing of Notice of Proposed Class Action Settlement:<br>*[DATE TO BE INSERTED]* | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| 45 days after date of mailing of Notice of Proposed Class Action Settlement:<br>*[DATE TO BE INSERTED]*<br>15 day window period[1] | Last day for Class Members to qualify as a Claimant by filing claim form to join the settlement. |
| 10 days prior to Fairness Hearing<br><br>*[DATE TO BE INSERTED]* | Date for parties to file proposed Final Order, summary of claims made and application in support of proposed Final Settlement. |
| *[DATE TO BE INSERTED]* | Final Settlement approval hearing ("Fairness Hearing"). |

It is so ORDERED this ___ day of _____, 2012.

_____
Honorable I. LEO GLASSER
United States District Judge

---

[1] To the extent that a Notice is returned without a forwarding address, the Administrator will conduct a skip-trace to locate the Cabana Employee, and re-mail the Notice with an additional 15 day window to file a Claim Form via first class mail. Re-mailed Claim Forms must be post-marked no later than fifteen (15) days after the original Bar Date, or they are barred.

4

FIRM:19381797v3

FIRM:19381797v3