UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GERARDO VALDEZ LUJAN, individually and on behalf of all other persons similarly situated who were employed by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER; and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,
Plaintiffs,

- against -

CABANA MANAGEMENT, INC. and/or GLENN FRECHTER, and/or any other entities affiliated with or controlled by CABANA MANAGEMENT, INC. and/or GLENN FRECHTER,
Defendants.

Docket No.: 10-cv-755 (ILG) (RLM)



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 22 2013 ★
BROOKLYN OFFICE

## **FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT**

1. The parties have made an application, pursuant to Rule 23(e), Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above entitled action ("the Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of this lawsuit against Defendants and for dismissal of this lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Declaration of Lloyd Ambinder, dated March 11, 2013 ("Ambinder Decl.") and exhibits attached thereto;

2. On November 20, 2012, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the class and FLSA claimants.

3. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiff and the class as defined in the proposed settlement agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure,

this Court also scheduled a Fairness Hearing on March 21, 2013 at 10:00 a.m. to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

4. Counsel for Plaintiffs has advised that no individuals have opted-out of the settlement, no written objections to the settlement have been received, and no one has advised that they would be appearing at the Fairness Hearing to voice an objection or otherwise be heard to contest the settlement.

5. The Agreement provides for class counsel attorneys' fees and costs in the amount of four hundred sixty-two thousand dollars ($462,000.00).

6. The Agreement provides for incentive awards to Named Plaintiff Gerardo Valdez Lujan, and opt-in Plaintiffs Ana Ruiz, Maria Carmenza Guevara and Cesar Vargas in the amount of three thousand dollars each ($3,000.00).

7. The proposed settlement, as set forth in the Agreement, including the award of attorney fees and the incentive award to the above-mentioned Plaintiffs, is approved. This Court is satisfied that the proposed settlement in this action meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this ORDER, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, that this Court hereby approves the settlement set forth in the settlement agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions.

FURTHER, that Plaintiffs and all other class members who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the settlement agreement. All such matters are hereby finally concluded, terminated and extinguished.

FURTHER, that the notice given to the members of the class accurately informed the members of the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the class complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that Class Counsel or an administrator is directed to effectuate distribution of the settlement funds to the class claimants as set forth in the Settlement Agreement and Exhibit D annexed to the Declaration of Lloyd Ambinder dated March 11, 2013.

FURTHER, that Class Counsel is awarded $462,000.00 in attorneys' fees and costs.

FURTHER, that Named Plaintiff Gerardo Valdez Lujan, and opt-in Plaintiffs Ana Ruiz, Maria Carmenza Guevara and Cesar Vargas shall each receive an incentive award of $3,000.00.

FURTHER, that without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the settlement agreement.

FURTHER, that the Clerk of the Court is directed to close Case 10-CV-755 on 3/21/13 2013.

Dated: 3/21/13

s/ILG
Hon. I. Leo Glasser, United States District Judge